EVELYN W. LATTIMORE v. FISHER'S FOOD SHOPPE, INC.

No. 8310SC737

(Filed 19 June 1984)

Landlord and Tenant § 13.2— indefinite renewals in lease—summary judgment for plaintiff improper

In an action on a lease agreement, the trial court erred in granting plaintiff's motion for summary judgment finding that defendant had the absolute right to only one five-year renewal with subsequent renewals only by mutual consent and in denying defendant's motion for summary judgment where the language of the lease agreement clearly created a right to unlimited successive renewals by referring to "each successive five-year term," instead of a second

five-year term, and by stating that the lease "shall be automatically renewed for successive five-year terms . . . unless the Tenant gives to Lessor in writing notice on or before ninety (90) days prior to the end of any five-year term."

APPEAL by defendant from *Brewer, Judge.* Judgment entered 19 July 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 7 May 1984.

This is an action on a lease agreement for property owned by plaintiff. Plaintiff had assisted her husband in operating a general merchandise store and service station on the premises until her husband's death in 1974. In 1975, plaintiff and defendant corporation entered into negotiations for defendant corporation to lease the premises. After some discussion, plaintiff instructed her attorney to confer with defendant corporation's president and then to draft a lease agreement.

On 5 March 1975, plaintiff, her attorney, and defendant corporation's president went over the proposed lease agreement, each party suggesting some changes. At that time, plaintiff and defendant corporation's president signed a bill of sale to transfer cash registers, merchandise, and other property to defendant, and defendant paid plaintiff $23,000.00 for those items. Plaintiff's attorney later returned with the lease agreement as he had revised it. He asked plaintiff to read it, but she declined and signed the lease agreement without reading it. Defendant corporation's president subsequently signed the lease agreement.

Defendant took possession in March of 1975 and began to repair and substantially improve the premises. Within the first five months from the beginning of the Lease Agreement, defendant added a shed to the building, replaced the shelving in the store, installed a refrigerator container for soft drinks and produce, and installed an upright freezer, at a total cost of more than $23,000.00. Defendant also added more gasoline pumps and underground storage tanks, replaced the building's electrical system, and replaced old refrigeration units.

Approximately three years after the lease agreement was signed, a dispute arose between plaintiff and defendant corporation as to the meaning of paragraph 9 of the lease agreement concerning renewal. It reads:

9. This lease shall be automatically renewed for successive five-year terms, at the increased rentals provided hereinabove, unless the Tenant gives to Lessor in writing notice on or before ninety (90) days prior to the end of any five-year term; and each renewal shall, except for increased rental, be upon the same terms and conditions of this lease. This lease may be terminated by the Tenant upon the giving of the written 90-days notice to the Lessor, immediately prior to the end of a five-year term.

Plaintiff contends that the effect of this language is to give defendant corporation the absolute right to one five year renewal, with subsequent renewals only by mutual consent. Defendant corporation contends that this language gives it the right to renew the lease for unlimited successive five year terms as long as defendant's obligations under the lease agreement are satisfied.

Plaintiff filed this action in December of 1979, seeking, inter alia, a declaratory judgment that the lease agreement does not give defendant a perpetual right to renew. Defendant corporation filed its answer and counterclaim seeking a declaratory judgment that the terms of the lease agreement grant to defendant corporation unlimited successive five year renewal terms or in the alternative, judgment for $23,405.10 for improvements and repairs to the premises made by defendant.

In April of 1980, the trial court, on motion by defendant, dismissed plaintiff's alternative claims (seeking reformation and a declaration that the lease was a nullity). The trial court denied defendant's motion to dismiss plaintiff's action for declaratory judgment.

In July of 1982, the trial court granted plaintiff's motion for summary judgment, finding that defendant had the absolute right to only one renewal term, and denied defendant's motion for summary judgment. Defendant appealed; plaintiff appealed from dismissal of her alternative claims.

*Manning, Fulton & Skinner, by Michael T. Medford, for plaintiff-appellee.*

*Boxley, Bolton & Garber, by Ronald H. Garber, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial court's granting summary judgment to the plaintiff. Defendant contends that the lease agreement provides by its express terms that defendant has the right to unlimited successive renewals and that summary judgment in favor of plaintiff was therefore inappropriate. We agree.

A motion for summary judgment is properly allowed only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). We find the trial judge here erred in concluding as a matter of law that the lease agreement created "an absolute right in the defendant to renew said lease for one and only one renewal term of five years. . . ."

North Carolina courts follow the majority view that the law does not favor perpetual leases and that the intention to create one must appear "in clear and unequivocal language." This court has said:

> (A) lease will not be construed to create a right to perpetual renewal unless the language employed indicates clearly and unambiguously that it was the intention and purpose of the parties to do so. . . . Moreover, leases providing for successive renewals, without other qualifying language, will be construed as providing for but one renewal.

*Oglesby v. McCoy*, 41 N.C. App. 735, 739, 255 S.E. 2d 773, 776, *rev. denied*, 298 N.C. 299, 259 S.E. 2d 301 (1979). The question before the trial judge here was whether there was clear and unambiguous language in this lease agreement indicating that the intention and purpose of the parties was to create for defendant the right to unlimited successive renewals. We hold that the language of the lease agreement clearly creates a right to unlimited successive renewals and that, therefore, summary judgment in favor of plaintiff was not appropriate.

Under this lease agreement, plaintiff has no right to terminate the lease unless defendant violates any of the terms of the agreement. The language in the lease agreement providing a rent increase in successive renewal terms indicates unlimited renewals:

Eight Hundred ($800.00) Dollars per month, payable on the first day of each and every month, in advance, for and during the first five-year term; and for and during each successive five-year term thereafter an additional sum of One Hundred ($100.00) Dollars per month, in advance and cummulatively, [sic] for so long as this lease agreement shall continue; the intent of the agreement being that the rental shall increase by $100.00 per month each five-year term over the previous five-year term.

By referring to "each successive five-year term," instead of "the second five-year term," in this language providing for rent increases, and by the paragraph 9 language that the lease "shall be automatically renewed for successive five-year terms . . . unless the Tenant gives to Lessor in writing notice on or before ninety (90) days prior to the end of any five-year term," the lease agreement here clearly and unambiguously provides for automatic renewal of successive five year terms unless defendant takes affirmative action *not* to renew the lease. Therefore, the trial judge erred (1) in concluding, as a matter of law, that the lease agreement here was for a term of five years with an absolute right in the defendant to renew for only one renewal term and granting plaintiff's motion for summary judgment and (2) in denying defendant's motion for summary judgment.

Reverse summary judgment in favor of plaintiff and remand for entry of summary judgment in favor of defendant.

Chief Judge VAUGHN and Judge BRASWELL concur.